Nos. 36,548 and 36,570

LLOYD STAFFORD and MARGUERITE L. STAFFORD, *Appellees*, v. The CITY OF COFFEYVILLE, *Appellant.*

(168 P. 2d 91)

Opinion filed April 6, 1946.

*A. A. Baker,* city attorney, argued the cause for the appellant.

*A. R. Lamb,* of Coffeyville, argued the cause and *Clement A. Reed,* of Coffeyville, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for loss of a building and its contents by fire alleged to have been caused by defendant's negligence. There are two appeals by defendant. Case No. 36,548 is an appeal from an order overruling defendant's demurrer to plaintiffs' second amended petition. Case No. 36,570 is an appeal from an order of the court sustaining plaintiffs' motion to strike two paragraphs from defendant's answer.

The allegations of the petition in question may be summarized or quoted from as follows: It is alleged that plaintiffs own and occupy as a residence a property at 314 East Eleventh street in Coffeyville, on which premises "was a wooden building used by the plaintiffs in conducting an electrical appliance and repair shop, together with machines, forms, blue prints and other personal property used in connection therewith"; that defendant is a municipal corporation and engaged in the business of producing and selling electricity, and for that purpose maintained electric wires from the alley north of

plaintiffs' premises to the dwelling house, which wires passed over the repair shop. The fifth paragraph of the second amended petition reads as follows:

"That on the 7th day of September, 1944, and for three months prior thereto, the electric wires from the alley to the principal dwelling house upon said premises were loose and the insulation thereon worn and ragged, so that the naked wire was exposed. That said wires came in contact with the guy wire connected to the metal chimney of said repair shop and the electricity from said electric wires flowed into the same, thereby causing a fire, which burned said repair shop and contents all to the damage of these plaintiffs in the sum of Five Thousand Eight Hundred [Fifty] and 33/100 ($5,850.33) Dollars."

Plaintiffs further alleged that defendant's negligence consisted in its failure: (1) To inspect properly the electric wiring over plaintiffs' workshop and to discover and repair the defective condition of the electric wires; (2) to keep the electric wires over the repair shop taut, but permitted them to sag so that the wires came in contact with the guy wire upon the roof of the workshop; and (3) in permitting "the insulation upon the wires over plaintiffs' workshop to become worn and ragged, so that the wire was not properly insulated, and that the electricity escaped therefrom into the guy wire that supported the metal chimney upon the roof of said workshop, thereby causing said fire." That on November 20, 1944, plaintiffs filed with the city their verified claim for damages, a copy of which was attached to plaintiffs' original petition. The claim filed was for damages in the sum of $3,300. In the original petition plaintiffs asked damages in the sum of $4,538.31 and in the second amended petition the amount claimed was $5,850.33.

After the filing of the petition defendant filed a motion that plaintiffs be required to make the same more definite and certain in nine particulars, set out in separate paragraphs. This motion was considered by the court and overruled except as to the ninth paragraph which asked a more particular description of the blue prints and forms plaintiffs claimed were destroyed. The motion specifically asked that the fifth paragraph of the petition be made more definite and certain in several particulars. Notwithstanding the fact that this part of the motion was overruled plaintiffs filed an amended petition modifying that paragraph. Thereafter defendant filed another motion to make the petition more definite and certain, which was by the court considered and overruled, notwithstanding which plaintiffs again amended the fifth paragraph of the petition. The amendments together made it in the form herein-

before quoted. Defendant also moved the court to require plaintiffs to elect whether their claim against defendant was filed under G. S. 1935, 12-105, or G. S. 1935, 13-1414. This motion was denied.

To the second amended petition defendant filed a motion asking that plaintiffs be required to state how they knew the wires in question had been in the condition described for three months prior to September 7, 1944, and to state if defendant was notified of said condition, and if so, how; to state if the wires from the alley to the house were put in before or after the workshop was built, and to state whether before or after the metal chimney was put on the roof of the workshop; to state whether the wires running from the alley to the house carried 110 volts or a greater voltage, and to state where the other end of the guy wire supporting the metal chimney was fastened. Defendant also moved to strike each of the three acts of negligence upon the ground that the facts stated therein did not constitute negligence of defendant; or, in the alternative, to restate them, particularizing the matters plaintiffs claimed to constitute negligence. This motion was considered by the court and overruled. Defendant then filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action against the defendant. This was overruled by the court, and defendant appealed.

Counsel for appellant properly invokes the rule well stated in *Mead v. City of Coffeyville*, 152 Kan. 799, 107 P. 2d 711, as follows:

"Where a petition is properly attacked, at least in part and as to some material portion, by motion to make definite and certain, which is successfully resisted by plaintiff, the petition is thereafter subject to critical analysis and is strictly construed against plaintiff when challenged by general demurrer." (Syl. ¶ 2.)

Earlier authorities supporting the rule are stated in the opinion, and the rule has been followed in *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 157 P. 2d 822, and *Frogge v. Kansas City Public Service Co.*, 159 Kan. 687, 157 P. 2d 537.

Therefore, upon allegations of the petition deemed material and which may be important to defendant in the trial of the case, and which defendant moved to be made definite and certain, the petition is construed as alleging that the workshop was built and the metal chimney with a guy wire attached thereto was erected above the workshop after defendant had strung its electric wires from the alley to the residence on plaintiffs' premises; that plaintiffs are not con-

tending the electric wires carried a greater voltage than 110 volts; that the wires had sagged until they came in contact with the guy wire and that the insulation upon one or more of the electric wires had worn off so that the wire was bare; that one or more of the bare electric wires came in contact with the guy wire and that electricity passed from the electric wire into the guy wire to the metal chimney and through the chimney to the roof of the wooden building used as a workshop in sufficient force or strength to cause the roof of the building to be set on fire, which fire spread to and consumed the building and its contents; that plaintiffs knew of the condition of the electric wires and their close proximity to the guy wire attached to this metal chimney for as long as three months prior to the date of the fire, but that they had not given defendant any notice of that condition, nor had they done anything to change or relieve the situation.

In view of the allegation of the petition that the electricity from the electric wires passed along the guy wire to the metal chimney and through it to the roof of the workshop, perhaps it is unimportant where the other end of the guy wire was attached. The fact that plaintiffs opposed defendant's motion to state that fact, however, indicates it may be of some importance; but in the trial of the case plaintiffs should not be permitted to have any advantageous position, nor should defendant be deprived of anything that would contribute to its defense, by reason of the fact of where the other end of the guy wire was attached.

The part of the motion to strike or to make definite and certain the allegations of negligence of the petition, insofar as they are pertinent, may be raised and considered at the trial.

Appellant argues that from the allegations of the petition it appears that plaintiffs assumed the risk of electricity passing from the electric wires into the guy wire and metal chimney and causing a fire, and that they contributed to the condition of which they now complain to the extent that they should be barred from recovery. These questions normally are questions for the trial court and our judgment is that they should be first determined by the triers of fact. Hence, the court properly overruled defendant's demurrer to the petition.

Defendant filed an answer in which formal matters were admitted and other allegations of the petition were denied and which contained an allegation of negligence of plaintiffs which contributed

to the loss and lack of capacity of plaintiffs to sue, none of which allegations are questioned on this appeal. The answer contained two paragraphs which read as follows:

"6. Further answering this defendant alleges that if the fire mentioned in plaintiffs' amended petition was caused by the electric current, then that the proximate and contributing cause therefor was the fact that the plaintiffs negligently and unlawfully erected, or permitted to be erected and maintained thereon the repair shop with a metal chimney thereon, situated on said premises underneath said wire of the defendant city, without notifying the defendant city of their intention so to do; that the plaintiffs negligently and unlawfully, in violation of the city ordinances, Nos. 1733, 2055, 1879, 2050 and 2059, copies of which are attached hereto, made a part hereof, and marked Exhibit A, which ordinances were then in force, failed to comply with the terms of said ordinances and procure a building permit authorizing them to build said repair shop in the manner and at the place where the same was built; and in that the plaintiffs contrary to the provisions of said ordinances unlawfully and negligently constructed said repair shop underneath said wire of the defendant city, and placed and maintained thereon a metal chimney with metal guy wires leading thereto in such a manner that the electric wire of the defendant city might easily come in contact with said metal guy wires and said metal chimney, and in that the said ordinances of the city of Coffeyville prohibited the construction of metal chimneys and required the same to be constructed of brick, cement, or stone, and plaintiffs were negligent in that they failed to notify the defendant of said construction, or the location of said metal chimney, and said guy wires in proximity to defendant's electric wire.

"7. Defendant further alleges that plaintiffs should not maintain this action, for the reason that the construction of said repair shop and the use thereof as a commercial building, as the same was used by plaintiffs, was negligent and unlawful and contrary to Ordinance No. 1978, of the city of Coffeyville, which ordinance was in full force and effect, and is the Zoning and District Ordinance and provides for dividing the city of Coffeyville into districts, residential, commercial and industrial, provides what kind of buildings shall be constructed in each of said districts, and the construction and use of said building at 314 East Eleventh Street, was and is within the residential district, as provided in said ordinance, and that the construction and use of said building as a commercial building by the plaintiffs was in violation of said ordinance and without permission of the governing board of the city of Coffeyville. A copy of said ordinance is hereto attached, made a part hereof and marked Exhibit B."

Plaintiffs filed a demurrer and motion to strike the quoted paragraphs of the answer. This was considered by the court and sustained. The second appeal is from that ruling.

The city is authorized to enact ordinances of the character pleaded by defendant for the prevention of fires and to conserve the health and promote the general welfare of its citizens. See G. S. 1935,

12-707, 12-708, 12-710 (as amended, see G. S. 1943 Supp. 12-710), 13-408, 13-427 and 13-442. Perhaps other sections of our statutes are applicable to some phase of the matter.

We think defendant was entitled to plead the ordinances as bearing upon the question of what duty, if any, defendant owed plaintiffs under the circumstances which might be disclosed by the evidence, also as the evidence might pertain to proximate cause, also to the assumption of risk and contributory negligence of plaintiffs.

We have examined all of the authorities cited by counsel, but refrain from discussing them in detail and attempting to apply them here. This action has not been tried. When the facts have been found in the trial court there should be no serious difficulty in applying thereto appropriate rules of law.

From what has been said it follows that the judgment of the trial court appealed from in case No. 36,548 should be affirmed and that the judgment appealed from in No. 36,570 should be reversed. It is so ordered.