No. 40,953

Vernon O. White, *Appellee,* v. Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, *Appellant.*

(325 P. 2d 28)

Opinion filed May 10, 1958.

*Ralph M. Hope,* of Wichita, argued the cause, and *Leo Armstrong* and *Paul Armstrong,* both of Columbus, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Richard W. Stavely, Charles S. Lindberg* and *Ronald M. Gott,* all of Wichita, were with him on the briefs for the appellant.

*D. Clifford Allison,* of Wichita, argued the cause, and *Joe L. Henbest,* of Columbus, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Bernard V. Borst, Gerald D. Lasswell* and *Edmund R. Learned,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover under the Federal Employers' Liability Act for personal injuries alleged to have been sustained by plaintiff as a result of defendant's negligence. From an order of the trial court sustaining plaintiff's motion to strike defendant's second amended answer for the reason that it failed to state a defense under the Act, defendant appeals.

This case appears for the second time. When brought here before (*White v. Thompson*, 181 Kan. 485, 312 P. 2d 612), defendant appealed from an order of the lower court sustaining plaintiff's motion to strike the third, fourth, fifth, sixth, seventh and eighth paragraphs of defendant's amended answer. We affirmed the judgment of the trial court and there fully reviewed and analyzed the cases relied on by defendant, and held *inter alia:*

"Misrepresentations by an employee in an application for employment with an interstate carrier do not render the contract of employment void as to terminate the relation of master and servant and preclude recovery under the Federal Employers' Liability Act for negligent injuries inflicted upon him where he was found to be in good health and acceptable physical condition at the time of his physical examination and *the misrepresentations had no causal relation to his fitness to perform the duties required of him and to the injuries he sustained, notwithstanding they may render the contract voidable and form the basis for its rescission by his dismissal.*" [Syl. 3.] [Emphasis supplied.]

"A defendant interstate carrier's amended answer purporting to allege an affirmative defense sufficient in law to preclude recovery by a plaintiff employee in an action under the Federal Employers' Liability Act for negligent injuries inflicted upon him, which in effect alleged that the employee concealed in his application for employment and from the medical examiner five injuries he received over a seven-year period in previous employment, and that had the defendant known of such injuries it would not have employed him as physically qualified because of *his obvious proneness to have accidents,* considered and *held:* That the trial court did not err in sustaining plaintiff's motion to strike the allegations of the affirmative defense, fully set forth in the opinion, as they were insufficient in law to state a defense *since it was not alleged that the previous injuries had causal relation to his physical fitness to perform the duties of his employment and to the injuries he sustained,* and that the defendant remained unaware of the misrepresentations prior to the injuries." [Syl. 5.] [Emphasis supplied.]

When the case was remanded to the trial court, defendant was permitted to file a second amended answer. For all purposes, paragraphs one through six were identical with those of the stricken amended answer. Paragraphs seven and eight complied in part

with the requisites of *White v. Thompson*, supra, by alleging that defendant remained unaware of the falsity of the representations made by plaintiff at the time of employment until after the injuries in question were sustained. However, at no place in the second amended answer stricken by the trial court was there any allegation that plaintiff's previous injuries had any causal relation to those received during his employment by defendant. Suffice it to say that, defendant's second amended answer having failed to allege facts sufficient to constitute a defense under the aforementioned authority, the trial court did not err in striking the second amended answer from the files and reinstating paragraphs one and two of defendant's amended answer. Our former opinion of *White v. Thompson*, supra, is controlling and adhered to and the judgment of the trial court is affirmed.

It is so ordered.