IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,760

LETICIA MERA-HERNANDEZ,
*Appellee*,

v.

U.S.D. 233,
*Appellant.*

SYLLABUS BY THE COURT

1.

For purposes of the Kansas Workers Compensation Act, K.S.A. 44-501, *et seq.*, "workman," "worker," or "employee" means any person who has entered into the employment of or works under any contract of service or apprenticeship with an employer.

2.

The Workers Compensation Act is substantial, complete, and exclusive, covering every phase of the right to compensation under the Act and of the procedure for obtaining such compensation. Consequently, the determination of whether a person is a covered employee under the Workers Compensation Act is governed exclusively by the provisions of the Act, without resort to the common law.

3.

Under the most fundamental rule of statutory construction, the legislature's intent should govern where it can be ascertained. The expressed legislative intent with respect to the Workers Compensation Act is that the Act is to be liberally construed to further the purpose of bringing employers and employees within the Act's provisions.

1

4.

The definition of "employee" in the Workers Compensation Act should be liberally construed to bring workers within the provisions of the Act. Consequently, an employee under the Workers Compensation Act includes a person who has entered into the employment of an employer, or a person who works under any contract of service with an employer, or a person who works under an apprenticeship with an employer.

5.

A determination of whether an employment contract might be deemed void *ab initio* under the common law because it is an illegal contract or because it was obtained through fraudulent inducement is not part of the analysis of whether a person is covered by the Workers Compensation Act, when the person has entered into the employment of an employer.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 14, 2015. Appeal from the Kansas Workers Compensation Board. Opinion filed March 24, 2017. Judgment of the Court of Appeals is affirmed.

*Kip A. Kubin*, of Bottaro, Kubin and Yocum, P.C., of Leawood, argued the cause and was on the briefs for appellant.

*C. Albert Herdoiza*, of Kansas City, and *Gary P. Kessler*, of Kessler Law Office, Inc., of Kansas City, argued the cause and were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Unified School District 233 (U.S.D. 233) petitions this court for review of the Court of Appeals' decision in *Mera-Hernandez v. U.S.D. 233*, No. 112,760,

2015 WL 5009902 (Kan. App. 2015) (unpublished opinion), which affirmed an order from the Workers Compensation Board (Board) awarding benefits to Leticia Mera-Hernandez for a back injury she suffered while working for U.S.D. 233. Mera-Hernandez was not legally authorized to work in the United States when she was hired; she used a false name and identification documents to apply for the job. U.S.D. 233 claims that Mera-Hernandez' fraudulent conduct to induce her hiring renders her employment contract void *ab initio*, thus precluding any recovery under the Kansas Workers Compensation Act (Act). We disagree and affirm the Court of Appeals' affirmance of the Board's award.

FACTUAL AND PROCEDURAL OVERVIEW

The parties do not dispute the underlying facts. U.S.D. 233 hired Mera-Hernandez as a custodian in 2009. She had worked for the school district on two prior occasions, in 2000 and 2003, under her true name. But when applying for the job in 2009, Mera-Hernandez used a false name, Hilda Reina, and provided false identification documents. She would later admit that she had used a false name to obtain employment because she was not legally authorized to work in the United States, and the Board would find that there was insufficient evidence to find that U.S.D. 233 was aware of Mera-Hernandez' true identity during her latest employment.

In March 2012, nearly 3 years after being hired, Mera-Hernandez injured her back on the job while moving furniture. U.S.D. 233 initially paid for Mera-Hernandez' medical treatment and, after a period of medical leave, she returned to work. But continuing to have pain, she sought additional medical treatment. When U.S.D. 233 denied further benefits, Mera-Hernandez filed a workers compensation claim using her true name. After discovering that Mera-Hernandez had been employed under a false name, U.S.D. 233 fired her.

3

From the outset, U.S.D. 233's defense has focused on the validity of Mera-Hernandez' employment contract. U.S.D. 233 claims that Mera-Hernandez fraudulently induced it to hire her by providing a false name; that because the employment contract was induced by fraud it was void *ab initio*; and that no employment relationship ever existed under which U.S.D. 233 would be liable for compensation under the Act.

The school district's void-contract theory has been rejected at every level to this point. The Administrative Law Judge (ALJ) found that an employment relationship did exist, notwithstanding Mera-Hernandez' misrepresentations. The ALJ awarded Mera-Hernandez benefits under the Act. The Board affirmed that decision, as did a panel of the Court of Appeals. See *Mera-Hernandez v. U.S.D. 233*, No. 112,760, 2015 WL 5009902 (Kan. App. 2015) (unpublished opinion). We granted the school district's petition for review.

APPLICABILITY OF THE WORKERS COMPENSATION ACT

U.S.D. 233 does not dispute that, for years, Mera-Hernandez worked for the school district and received wages from U.S.D. 233 for that work. Likewise, U.S.D. 233 does not refute that the injuries suffered by Mera-Hernandez arose out of and in the course of her work on behalf of the school district. It does not contend that Mera-Hernandez' immigration status makes her ineligible for workers compensation benefits. Further, the school district does not quibble with the amount of the ALJ's award.

Rather, U.S.D. 233 seeks to avoid responsibility for its de facto employee's work-related injuries by declaring that the worker's fraudulent misrepresentations in the hiring process voided Mera-Hernandez' employment contract from the beginning, as a matter of law; and that, without a legally valid employment contract, Mera-Hernandez is not

4

covered by the Act. We find the school district's attempt to determine Mera-Hernandez' eligibility for workers compensation benefits outside the specific provisions of the Act to be unavailing.

*Standard of Review/Burden of Proof*

Final orders of the Board are subject to review under the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.*, as amended. K.S.A. 2015 Supp. 44-556(a). Here, neither party challenges the Board's factual findings under K.S.A. 2015 Supp. 77-621(c)(7); when the facts are undisputed, the issue is reviewed de novo. *Nuessen v. Sutherlands*, 51 Kan. App. 2d 616, 618, 352 P.3d 587 (2015). Moreover, U.S.D. 233 specifically invokes K.S.A. 2015 Supp. 77-621(c)(4) to challenge the Board's interpretation or application of the law. Questions of law are reviewed de novo, with no deference to the administrative board. *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013). The burden lies on the party asserting the invalidity of the agency's action. K.S.A. 2015 Supp. 77-621(a)(1).

*Analysis*

The Court of Appeals based its decision principally on the Act's definition of "employee," found in K.S.A. 2015 Supp. 44-508(b), which states that an employee is "any person who has entered into the employment of or works under any contract of service or apprenticeship with an employer." The panel held that, under the plain language of the statute, Mera-Hernandez was U.S.D. 233's employee, specifically stating:

> "Mera-Hernandez, clearly qualifying as any person, did enter into the employment of
> U.S.D. 233. She did the work she was directed to do by U.S.D. 233, and U.S.D. 233 paid
> her for that work, albeit under a different name. Because Mera-Hernandez fits the broad

definition of an employee under the Act, she is entitled to its coverage. That status as an employee alone trumps any defect U.S.D. 233 asserts regarding her original hiring." *Mera-Hernandez*, 2015 WL 5009902, at *2.

U.S.D. 233 contends that the panel erred in finding that the Act's statutory definition trumps the general principles of contract law upon which the school district relies to declare the employment contract void *ab initio*. It suggests that one has to resort to the common law first to determine whether there was a valid employment contract, before turning to the Act. Pointedly, the school district cites to no authority for that proposition. On the other hand, we do have precedent for the proposition that specific statutes control over the common law. See *In re Marriage of Traster*, 301 Kan. 88, 108, 339 P.3d 778 (2014) ("Once the legislature has spoken, the legislative statement supersedes the common law."); see also *Aetna Life Ins. Co. v. Swayze, Adm'x.*, 30 Kan. 118, 122-23, 1 P. 36 (1883).

Likewise, we have precedent refusing to void an employment contract for misrepresentations in the employment application, albeit in connection with the Federal Employer's Liability Act (FELA). In *White v. Thompson*, 181 Kan. 485, 312 P.2d 612 (1957), a railroad employee made a number of misrepresentations in his application for employment regarding prior injuries and his overall physical condition. He was later injured on the job; upon discovering the discrepancies the railroad argued that his employment contract was void and that the FELA did not apply. This court disagreed:

> "[W]e think the majority of the decided cases, both federal and state, support the rule that misrepresentations in an application for employment with an interstate carrier do not render the contract of employment void so as to preclude recovery under the Federal Employers' Liability Act for negligent injuries inflicted upon him, where the employee was found to be in good health and acceptable physical condition at the time of his physical examination and the misrepresentations had no causal relation to the applicant's fitness to perform the duties required of him and to the injuries he sustained,

6

notwithstanding they may render the contract voidable and form the basis for its rescission by a dismissal of the employee." 181 Kan. at 493.

The *White* court analyzed numerous cases from other jurisdictions, including both FELA and non-FELA cases, and found that, as long as the misrepresentation did not directly lead to the injury, the contract may be voidable but the employer would be liable so long as the claimant was employed. 181 Kan. at 497.

We are concerned here with our Workers Compensation Act, not FELA, and this court has clearly held that the Act is a creature of statute that requires no resort to the common law because it is complete unto itself. Specifically, in *Acosta v. National Beef Packing Co.,* 273 Kan. 385, Syl. ¶ 5, 44 P.3d 330 (2002), we explained:

"Administrative agencies are creatures of statute and their power is dependent upon authorizing statutes; any exercise of authority claimed by the agency must come from within the statutes. There is no general or common-law power that can be exercised by an administrative agency. The Workers Compensation Act is substantial, complete, and exclusive, covering every phase of the right to compensation and of the procedure for obtaining it."

Given that the Act exclusively covers Mera-Hernandez' right to compensation, the determination of whether she was an employee covered by the Act begins—and ends—with an interpretation of the Act's provisions. Moreover, when construing the Act, our most fundamental rule is that the intent of the legislature should govern, where such intent can be ascertained. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). In this instance, the legislature has expressed its intent in K.S.A. 2015 Supp. 44-501b(a): "It is the intent of the legislature that the workers compensation act shall be liberally construed only for the purpose of bringing employers and employees within the provisions of the act." Thus we should strive to construe the Act to bring both Mera-

7

Hernandez and U.S.D. 233 within its provisions, albeit the Act's language makes that task effortless in this case.

Recently, in *Fernandez v. McDonald's*, 296 Kan. 472, 480-81, 292 P.3d 311 (2013), this court declined to read a public policy exception based on immigration status into the Act, and, instead, determined that Fernandez was covered under the Act because she met the statutory definition of "employee" under K.S.A. 2007 Supp. 44-508(b). Moreover, as the Court of Appeals aptly noted, there is nothing in the Act itself "that renders a hiring void *ab initio* when the employee has given a false name or biographical information during the hiring process." 2015 WL 5009902, at *2. Likewise, it is significant that, in 2011, the legislature amended K.S.A. 44-510e(a)(2)(E)(i) to require that a worker prove she or he has the legal capacity to enter into a legal employment contract in order to be awarded postinjury wage loss (which is not involved in Mera-Hernandez' claim), but did not similarly constrain any other benefits under the Act or alter the definition of "employee."

U.S.D. 233 attempts to distinguish *Fernandez* by arguing that Mera-Hernandez' employment contract was void *ab initio*, and that the *Fernandez* holding created the requirement that there be a valid contract of employment to be covered by the Act. To the contrary, *Fernandez* explicitly stated:  "[T]he definition of 'employee' does not require that the employment, contract of service, or apprenticeship involve a legal relationship or that the persons involved possess the requisite documentation to legally work within the United States." 296 Kan. at 480. Accordingly, a determination of whether the employment contract might be deemed void *ab initio* because it is an illegal contract or because it was obtained through fraudulent inducement is simply not part of the eligibility analysis.

Turning back to the definition of employee in the Act, we first note, as did the panel, that K.S.A. 2015 Supp. 44-508(b) only requires that a worker had "entered into the employment of . . . an employer." The phrase, "works under any contract of service," is preceded by the disjunctive, "or," meaning that laboring under a contract of service is simply one of the ways by which a worker can meet the broad definition of "employee" under the Act. Here, there is undisputed evidence that Mera-Hernandez entered into the employment of U.S.D. 233. She meets the definition of employee under the Act and there is no other provision of the Act which would disqualify her from receiving benefits. Accordingly, we affirm the Court of Appeals' affirmance of the Board's award of benefits.

Affirmed.