# MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILROAD CO. v. BORUM.

No. 585.   Argued April 18, 19, 1932.—Decided May 23, 1932.

*Mr. Henry S. Mitchell,* with whom *Mr. John E. Palmer* was on the brief, for petitioner.

*Mr. Ernest A. Michel,* with whom *Mr. Tom Davis* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

In October, 1921, petitioner accepted respondent's application for work as a switchman, and the latter in December, 1928, was injured while employed in interstate

transportation. He brought this action in the district court of Hennepin county to recover damages under the Federal Employers Liability Act (45 U. S. C., §§ 51–59) and, after issue was joined, the parties made an agreement for arbitration under a statute of Minnesota (G. S. 1923, §§ 9513–9519) pursuant to which the company paid plaintiff $12,500 to be retained by him in any event. And it was agreed that, if the arbitrators found for plaintiff on the merits, the award should be $12,500 in addition to the amount so paid. The arbitrators made findings of fact and held that plaintiff's injuries were caused by defendant's negligence and that he was entitled to recover the stipulated amount. A motion made by defendant to vacate having been denied, the district court entered judgment for plaintiff in accordance with the award and the supreme court affirmed. 184 Minn. 126; 238 N. W. 4.

Defendant's contention here is that the state court erred in sustaining the finding that plaintiff was an employee within the meaning of the Act as construed in *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Rock,* 279 U. S. 410.

Plaintiff made application in writing to defendant for employment as switchman. Then, and continuously thereafter while plaintiff worked for it, defendant had a rule, No. 16, promulgated to promote safety and efficiency in the operation of its railroad, which declared that no person over 45 years should be taken into the service. Another rule, No. 22, was to the effect that applications for employment in the yard service not rejected within 30 days would be considered accepted. And there was one, No. 4 (A), stating that all employees who attain the age of 65 will be retired.

When plaintiff made his application he was 49 years old and understood that defendant had a rule against accepting men over 45 to work in its train service. He falsely stated in his application that he was 38 years old and,

when submitting to a physical examination required of applicants for employment, he again so misrepresented his age. This statement was relied upon by the examining surgeon and was in part the basis of his finding and report that plaintiff was in good health and acceptable physical condition. It was a general practice of men, over the age specified in the rule, when applying for such work on the railroads of defendant and other carriers in the Northwest, falsely to represent their ages to be within the specified limit, and that practice was known to the defendant. The arbitrators were unable to find whether defendant knew plaintiff was over 45 years. They did not find, nor does the evidence require a finding, that defendant was deceived by plaintiff's false statements or that it accepted his application because of or in reliance upon them. The application was not rejected within 30 days and, under rule 22, must be deemed to have been finally accepted. Under the terms of the contract of hiring, defendant did not, without more, have the right to remove plaintiff from its service on account of such misrepresentation. Plaintiff worked for defendant as a switchman for about seven years and when injured was well under the age for retirement. His work was satisfactory. Neither his age nor his physical condition contributed to cause his injury.

In *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Rock, supra,* this Court held that one who obtained employment as a switchman for an interstate carrier by railroad by fraudulently evading the company's rule requiring applicants to submit to a physical examination and who suffered injury in the course of employment in interstate transportation, while the company remained unaware of the deception, was not as of right an employee within the meaning, or entitled to the protection, of the Federal Employers Liability Act, and could not maintain an action for injury under that statute.

Rock was an impostor. He applied for work under his true name and was rejected upon examination because his physical condition was found unacceptable under the carrier's reasonable rule and practice. Later, representing that he had not theretofore made application, he applied again but under a different name and procured another man to impersonate him and in his place to submit to the required physicial examination. And, by means of the surgeon's report upon that man's condition, Rock deceived the company and thereby secured the employment in which, about a year later, he suffered injury. The court said (p. 414): " The deception . . . set at naught the carrier's reasonable rule and practice established to promote the safety of employees and to protect commerce. It was directly opposed to the public interest, because calculated to embarrass and hinder the carrier in the performance of its duties and to defeat important purposes sought to be advanced by the Act. . . . [p. 415] While his physical condition was not a cause of his injuries, it did have direct relation to the propriety of admitting him to such employment. It was at all times his duty to disclose his identity and physical condition to petitioner. His failure so to do was a continuing wrong in the nature of a cheat. The misrepresentation and injury may not be regarded as unrelated contemporary facts. As a result of his concealment his status was at all times wrongful, a fraud upon the petitioner, and a peril to its patrons and its other employees. Right to recover may not justly or reasonably be rested on a foundation so abhorrent to public policy."

Here, defendant could not have regarded the difference between plaintiff's actual age and that stated in his application as having any material bearing upon the physical condition it required. The arbitrators did not find, and the evidence does not show, that plaintiff's false state-

ment of his age substantially affected the examining surgeon's conclusion that he was in good health and acceptable physical condition or that, if he had given his real age, the surgeon would have found otherwise. Indeed the surgeon's testimony shows that, save in exceptional cases, defendant, in accordance with its established rules, permits its switchmen to continue in the service until they are 65 years old without any physical examination after they are employed. Plaintiff's physical condition was not shown to be such as to make his employment inconsistent with the defendant's proper policy or its reasonable rules to insure discharge of its duty to select fit employees. The evidence indicates that, under its own interpretation of rule 22 together with the schedule constituting the agreement between defendant and its switchmen, defendant after the final acceptance of plaintiff's application was not free to discharge him on account of the false statement as to his age.

It is clear that the facts found, when taken in connection with those shown by uncontradicted evidence, are not sufficient to bring this case within the rule applied in *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Rock, supra,* or the reasons upon which that decision rests.

*Judgment affirmed.*