[Civ. No. 10846.    Second Appellate District, Division Two.—June 5, 1936.]

ROBERT L. PHILLIPS, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Erwin P. Werner for Appellant.

W. I. Gilbert for Respondent.

GOULD, J., *pro tem.*—Plaintiff, employed by defendant corporation as switchman, brought this action for damages for injuries suffered when the impact of cars shunted by a switch engine precipitated him from the roof of a freight car to the ground below. Negligence of defendant in two particulars was alleged, viz., that the string of freight cars upon which plaintiff was working was equipped with faulty hand-brakes, in violation of the Federal Safety Appliance Act, and that unusual force and violence, without warning to plaintiff, were used by his fellow employees in shunting other cars against the one upon which he was working. A jury heard the evidence, but the court directed it to find for the defendant, and from the judgment on such directed verdict plaintiff appeals.

Respondent seeks to uphold the directed verdict upon two grounds: That the evidence is insufficient to justify submission of the case to the jury, and that appellant, because he procured his employment by fraud practiced upon respondent, vitiated his contract of employment and precluded himself from maintaining an action for damages arising out of his relation as respondent's employee.

There was evidence before the court that as to the car upon which appellant was riding "the brake chain wouldn't wind up properly, it wouldn't hold properly"; that the string of cars was shunted against the car upon which appellant was riding with unusual force and violence, throwing him to the ground and moving the cars forward an unusual distance; that no rider was upon the string of shunted cars, that no

warning was given appellant, and that the movement of cars at the time of the accident was not in the normal and customary manner.

It is true that much evidence was offered by respondent, and elicited by cross-examination of appellant's own witnesses, to contradict appellant's showing, but it is not the province of the trial court upon motion for directed verdict to weigh the evidence. The court may examine it only to determine whether or not there is substantial evidence which, if believed by the jury, would sustain a verdict. Respondent argues that the federal rule as to a directed verdict rather than that of our state courts should control in such a case as this involving injuries under the Safety Appliance Act and the Federal Employers' Liability Act. But even admitting respondent's contention and adopting the pronouncement of the federal court in *Chicago etc. Ry. Co.* v. *Coogan*, 271 U. S. 472 [46 Sup. Ct. 564, 70 L. Ed. 1041], relied upon by respondent, "It is the duty of the trial judge to direct a verdict in favor of one of the parties when the testimony and all the inferences which the jury reasonably may draw therefrom would be insufficient to support a different finding", it is our opinion that the trial court improperly directed the verdict in the instant case. With the conflict of evidence the jury should have been allowed to determine whether there was a violation of the Safety Appliance Act, and whether or not such violation, if found, was a proximate contributing cause of the injury; whether the movements of the cars were under usual and customary conditions, whether warning was given to appellant and whether the manner of shunting the cars in question proximately contributed to the happening of the accident. In other words, the case presents a situation calling for its submission to the jury. (*Qualls* v. *Atchison etc. Ry. Co.*, 112 Cal. App. 7 [296 Pac. 645]; *Payne* v. *Connor*, 274 Fed. 497.)

When appellant applied for work with respondent he had a record of having been discharged from several previous railroading employments. Concealing these facts, he made application under the name of his brother, whose record was without fault, was accepted as an employee under the assumed name and continued in respondent's employ for eleven years before the date of the injury which is the basis of this suit. It was appellant's testimony that shortly after the date

of his employment, and many years prior to the date of the accident here in question, respondent had knowledge of his deception; that he was confronted with the facts and admitted the subterfuge, and was told that he would be given "a chance". That any such conversation took place was denied by respondent's witnesses.

Although cases such as *Minneapolis etc. Ry. Co.* v. *Rock*, 279 U. S. 410 [49 Sup. Ct. 363, 73 L. Ed. 766], hold that an impostor by mere concealment of vital facts creates such a fraud upon his employer as to bar his right to recover for injuries suffered in the course of his employment, the better rule is that such concealment does not vitiate the contract of employment and prevent recovery unless there is shown to be a causal connection between the injury and the misstatements in the application for employment. As stated in *Dawson* v. *Texas etc. Ry. Co.,* 123 Tex. 191 [70 S. W. (2d) 392] : "It is clearly established as a fact, and is conclusively shown to be true, that at the time Dawson applied for employment to the Texas & Pacific Railway Company he was in every way physically fit to perform the duties of his employment, and had performed such duties for a period of twelve years in a satisfactory manner before his injury, and that there was no causal connection with his injury and the false statement in his application, and that his injury was in no way related to said false statement. The fact that he concealed his employment by the Texas Midland Railroad Company and had concealed that he had been injured while in its service and had filed suit against it, if seasonably applied, might have been a ground for cancelling his contract of employment with defendant in error, but would be insufficient to render it void or to terminate the relation of master and servant. (39 Cor. Jur. 276.) As such employee and while in the full discharge of his duties, he could not be deprived of the protection of the law or of his right to recover for unlawful or negligent injury inflicted upon him." And in *Galveston etc. Ry. Co.* v. *Harris,* 48 Tex. Civ. App. 434 [107 S. W. 108], it is held that mere falsehood in an application for employment does not of itself destroy the contract of employment and exempt the employer from any liability for negligence to its employee. "It may have formed a just reason for the rescission of the contract of employment," says the Texas court, "but did not render his employment null and void."

458

In the present case there appears to be no causal connection between the false statements in appellant's application for employment and the injury which forms the basis of his claim for damages. If in fact respondent's negligence was the proximate cause of the accident, it should not be absolved from blame upon the claim that because of appellant's false statements in procuring employment he was in fact not an employee, where, as here, there was no showing that there was a causal connection between the false representations and the accident. At the most the question of causal connection was a question of fact for submission to the jury.

The judgment is reversed and the cause remanded for a new trial.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 3, 1936.