**WESTERN COTTONOIL COMPANY,**
Appellant,

v.

**R. W. PATTERSON et ux., Appellees.**

No. 3103.

Court of Civil Appeals of Texas.

Eastland.

Sept. 10, 1954.

Rehearing Denied Sept. 24, 1954.

Fulbright, Crooker, Freeman & Bates, Houston, McMahon, Springer, Smart & Walter, Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellees.

LONG, Justice.

R. W. Patterson, et ux., instituted this suit against Western Cottonoil Company for damages caused by odors from soap stock stored by the company in an earthen pit on its premises. Upon a trial the jury found that the storing of the soap stock in the earthen pit constituted a nuisance to the Patterson's enjoyment of their property and awarded them damages in the sum of $1,175.41. The trial court entered judgment for the Pattersons in accordance with the verdict. From this judgment the Company has appealed.

By its first point appellant urges that the trial court erred in refusing to grant a new trial because of the following argument by counsel for appellees:

"It is the duty of any lawyer to come up and present the side of his case, but when any man goes to the extremes that that Houston lawyer, Mr. Mc-Corquodale, came up here, says these 'poor white trash, donkey flats, squatters; they don't deserve in this courtroom because they are poor.' When that man does that gentlemen * * *

"Mr. Springer: Now, Your Honor, wait just a minute. That is undertaking to create prejudice * * *

"Mr. Crutchfield: Your Honor, I submitted to * * *

"Mr. Springer: * * * and I don't think he said what Mr. John said he did. I think it would be better for him to stay within the law and the evidence and not to criticise counsel. He is my associate and I vouch for his integrity.

"The Court: Gentlemen, the words he used there about poor white trash, don't consider that statement, please."

It will be noted that the trial court instructed the jury not to consider the statement of counsel about "poor white trash." After the court had given such instruction, counsel for appellant made no further objection and did not ask the court to give any additional instruction. The court did not specifically instruct the jury not to consider the argument to the effect that counsel for appellant was from Houston. Counsel for appellant did not request the court to give such an instruction and did not except or object to the instruction given by the court.

■ Our Supreme Court, in Aultman v. Dallas Ry. & Terminal Co., Tex.Sup., 260 S.W.2d 596, 599, lays down the rule that before a judgment should be reversed on account of argument "the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment".

■ The argument was improper and was so construed by the trial court. However, we believe the instruction given to the jury was sufficient to remove any harmful effect thereof. We have carefully considered the entire record and are unable to say the argument was such that it was reasonably calculated to cause and probably did cause the rendition of an improper verdict. We think this is especially true in view of the fact that the trial court promptly instructed the jury not to consider the argument about "poor white trash" and counsel apparently was satisfied with the instruction. He did not request the court to give any further instruction. The argument was not of such a nature that the instruction not to consider it could not remove its harmful effect. We believe that this case is distinguishable from Western Cottonoil Co. v. Gillit, Tex.Civ.App., 270 S.W.2d 512. We reversed that case because of improper argument, but a reading of the record in the Gillit case discloses that counsel persisted in making improper argument after objection thereto had been sustained and the jury instructed not to consider it. In the instant case, counsel for appellees complied with the ruling of the court and refrained from again making the argument about which complaint is made. We find no merit in appellant's point No. 1 and it is, therefore, overruled.

■ By its second point, appellant contends the trial court erred in refusing to grant a new trial because counsel for appellees on voir dire examination of the jury panel advised the panel that another court had granted an injunction prohibiting appellant from maintaining the soap stock pit. There is in the record a motion to quash the jury panel on account of such an alleged statement by counsel for appellees. However, there is no showing in the record that this motion was ever presented to or any action taken thereon by the trial court. There is no bill of exception in which this point is preserved. Under the circumstances, it is our duty to overrule point No. 2. 372, Texas Rules of Civil Procedure; Hartford Accident & In-

demnity Co. v. Ethridge, Tex.Civ.App., 149 S.W.2d 1040; 3 Tex.Jur., page 581, Sec. 470; Safeway Stores, Inc. of Texas v. Rutherford, Tex.Civ.App., 101 S.W.2d 1055.

Appellant urges in its third point that the trial court erred in not granting a new trial because appellees testified on direct examination that an injunction had been granted against appellant on account of the odors from the soap stock stored in the earthen pit. Counsel was examining appellee concerning the nature and extent of the odors from the earthen pit and we quote from the record relative thereto as follows:

"Q. And has that odor out there continued from the time they built them in the fall of '51 down to this date? A. Well, after they built the pit and went to running it in there why it commenced gradually getting bad and just kept a getting worser till we got an injunction, and they * * *

"Mr. Springer: Now, just a minute, Your Honor. We object to that. There's no testimony here that he ever applied for an injunction or ever got one.

"The Court: Gentlemen, you will not consider that statement of the witness for any purpose. Mr. Patterson, listen to the question and answer the question you are asked."

We find no reversible error in this point. The record does not reflect that the fact that an injunction had been granted was injected into the case deliberately by appellees. Counsel for appellant did not move the court for mistrial. We believe under these circumstances that any error was waived by appellant when counsel failed to request the court to declare a mistrial. We are supported in this conclusion by Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558. See also Crain v. West Texas Utilities Co., Tex.Civ.App., 218 S.W.2d 512. We find no reversible error in any of the points presented and they are overruled.

The judgment of the trial court is affirmed.