**WESTERN COTTONOIL COMPANY,**
Appellant,

v.

**Fred J. BRECHEEN et ux., Appellees.**

No. 3129.

Court of Civil Appeals of Texas.

Eastland.

Jan. 14, 1955.

Rehearing Denied Feb. 4, 1955.

McMahon, Springer, Smart & Walter, Abilene, Fulbright, Crooker, Freeman & Bates, Houston, for appellant.

Bryan Bradbury, Abilene, for appellees.

GRISSOM, Chief Justice.

Fred J. Brecheen and wife sued Western Cottonoil Company for damages alleged to have been caused by storing soap stock in an earthen pit near their home. A jury found that such storing constituted a nuisance and awarded the Brecheens damages. The Cottonoil Company has appealed.

Appellant's first point is that the court erred in overruling its motion for a new trial because appellees' counsel informed the jury that an injunction had been issued against appellant in a similar case.

Assuming for present purposes that the jury was so informed under circumstances which otherwise would constitute reversible error, appellant waived such error by not then moving for a mistrial. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558, 560; Crain v. West Texas Utilities Co., Tex.Civ. App., 218 S.W.2d 512, 513, R.N.R.E.; Western Cottonoil Company v. Patterson, Tex. Civ.App., 271 S.W.2d 106, 108, R.N.R.E.; McDonald v. Alamo Lines, Tex.Civ.App., 222 S.W.2d 1013; McCullom v. McClain, Tex.Civ.App., 227 S.W.2d 333, 335.

Appellant's remaining point is that the court erred in admitting in evidence a jar containing soap stock from appellant's earthen pit. The witness Patterson testified he had with him some of the "stuff" he had taken from said pit about April, 1953; that it was not the same jar he had in the other cases but it contained the "same stuff"; that he had taken matter from appellant's pit on two occasions; that the contents of the jar introduced was taken out of said pit. Appellant objected to its introduction for the "reason that it is not shown to be in the same condition"; that it was prejudicial and it was not apparent that the contents of the jar was like the substance in the pit. Said objection was overruled and appellees' counsel handed the jar to the jury with the remark, "if you care to smell it."

We have studied the statement of facts. It does not disclose whether the top was removed from the jar, or the jury smelled its contents. Even if the record showed the jury actually smelled the contents of the jar, it would be difficult to imagine a worse odor than that described by all the witnesses as the odor emanating from appellant's pit. Appellees should have introduced evidence that there had been no substantial change in the condition of the contents of the jar. The evidence simply showed that the matter in the jar was taken from the pit several months before the trial. But, appellant has the burden of showing not only that there was error but that it was probably injured thereby. We are forced to the conclusion that reversible error is not shown.

The judgment is affirmed.