William TALAROWSKI, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COM-
PANY, a corporation of the Common-
wealth of Pennsylvania, Defendant.

Civ. A. No. 1695.

United States District Court
D. Delaware.

Nov. 8, 1955.

Clement C. Wood (of Young & Wood),
Wilmington, Del., for plaintiff.

James L. Latchum (of Berl, Potter &
Anderson), Wilmington, Del., for de-
fendant.

WRIGHT, District Judge.

This is a motion by the plaintiff under
Rule 12(f) of the Federal Rules of Civil
Procedure, 28 U.S.C. to strike the de-
fendant's first affirmative defense. This
motion is directed to both counts of the
complaint and is predicated upon the

assumption that the defendant's affirmative defense is insufficient in law.

 A motion to strike an affirmative defense will be denied if the defense is sufficient as a matter of law, or if it fairly presents a question of law or fact which the court ought to hear. 2 Moore's Federal Practice, 2320. For the purpose of reaching a decision on this motion, the well-pleaded allegations of the defendant's first affirmative defense must be accepted as true. Brown & Williamson Tobacco Corp. v. United States, 6 Cir., 201 F.2d 819; Barnidge v. United States, 8 Cir., 101 F.2d 295.

The complaint sets forth that the plaintiff is seeking to recover from the defendant under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for certain injuries which were sustained by him while working as a machinist's apprentice in the defendant's shops near Wilmington, Delaware, on engines and cars for use in interstate commerce.

The first affirmative defense of defendant's answer alleges that the plaintiff procured employment by making certain false statements in his application for employment with respect to his physical condition. The well-pleaded allegations of the defendant's affirmative defense may be summarized as follows: The plaintiff signed and filed an application for employment with the defendant in which he certified that all questions asked therein were truthfully answered; that the plaintiff's answers as to his medical history and physical condition in the application for employment were false; that the plaintiff knew they were false and were made by him with the intent to deceive and defraud the defendant; that the defendant's agents and examining physician relied upon the false answers and by reason thereof gave the plaintiff employment; and, that if the defendant had known of the plaintiff's previous injury while employed by the Delaware Power and Light Company it would not have employed the plaintiff as physically qualified.

As a part of the defendant's first affirmative defense it has filed as exhibits, plaintiff's application for employment, his application for membership in the Relief Fund in the defendant's Voluntary Relief Department, questions asked by the defendant and answered by the plaintiff in connection with the application for membership in the Relief Fund regarding the plaintiff's medical history and background, and the doctor's medical certificate attached to said questionnaire given in connection with the plaintiff's application for membership in the defendant's Relief Fund.

 An employee is not entitled to maintain a suit under the provisions of the Federal Employers' Liability Act if his employment is procured by reason of fraudulent statements made in his application for employment, if said fraudulent statements are relied upon and are of such a character as to have been a substantial factor in the hiring. Minneapolis, St. P. & S. S. M. R. Co. v. Rock, 279 U.S. 410, 49 S.Ct. 363, 73 L.Ed. 766; and also see Minneapolis, St. P. & S. S. M. R. Co. v. Borum, 286 U.S. 447, 52 S.Ct. 612, 76 L.Ed. 1218; Southern Pac. Co. v. Libbey, 9 Cir., 199 F.2d 341.

 In the light of the decisions in the Minneapolis, St. P. & S. S. M. R. Co. v. Rock, supra; Minneapolis, St. P. & S. S. M. R. Co. v. Borum, supra, and Southern Pac. Co. v. Libbey, supra, and the well-pleaded allegations of the defendant's affirmative defense as summarized above, defendant's affirmative defense is legally sufficient. Whether or not the alleged false statements were made with an intent to misrepresent and commit a fraud upon the defendant, or were answers to misunderstood questions are matters not decided on disposition of this motion to strike. Also whether the defendant relied upon the alleged false statements and would not have employed the plaintiff if it had known the truth about the prior injury is a question of fact which cannot be disposed of by a motion to strike.

Plaintiff's motion to strike is denied. An order in accordance herewith may be submitted.