**Frank ERESAFE, Plaintiff-Appellee,**

v.

**NEW YORK, NEW HAVEN & HART-FORD RAILROAD COMPANY,**
**Defendant-Appellant,**

and

**Wilson & Co., Inc., Defendant.**
**No. 76, Docket 24553.**

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1957.

Decided Dec. 23, 1957.

Edmund J. Moore, New York City (R. M. Peet, New York City, of counsel), for defendant-appellant.

Harry J. Coman, New York City (Max Shamis, Brooklyn, N. Y., Moe Levine, New York City, of counsel), for plaintiff-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and LEIBELL, District Judge.

LEIBELL, District Judge.

This case was tried before Judge Cashin without a jury. The judge made Findings of Fact and Conclusions of Law and gave judgment for plaintiff against the Railroad in the sum of $12,000. The plaintiff's complaint and the Railroad's cross claim were dismissed as against Wilson & Co., Inc.

Plaintiff was hired as a brakeman by the Railroad on July 29, 1955. About 3:00 A.M. on February 6, 1956, while he was signaling the engineer of his freight train with a lantern in one hand, and holding on with his other hand to a "grab iron" attached to the side of a Wilson & Co. refrigerator car, the grab iron pulled out and he fell, landing on his back on the adjacent tracks. The bolt holding the grab iron to the side of the car had rusted and broken off. The trial judge found that there was "not a scintilla of evidence" that "the condition of this bolt was such as would be re-

## 620

vealed by an ordinary exercise of due care."

On this appeal no question is raised as to the correctness of the court's dismissal of the claim and cross claim against Wilson & Co. Nor is it strongly urged by defendant that, except for a special defense based on plaintiff's misrepresentations made in his application for employment, the Railroad company is not liable to plaintiff. Defendant's liability is founded on the provisions of the Safety Appliance Act and of the Federal Employers' Liability Act (45 U.S.C.A. §§ 4 and 51). Plaintiff's injuries were serious. He was in the hospital for a total of 47 days. The amount of the judgment is not attacked as excessive. It could not be.

The defendant railroad's special defense of fraud was pleaded in the Sixth paragraph of its amended answer as follows:

"Sixth: Plaintiff has never lawfully been an employee of defendant New York, New Haven & Hartford Railroad Company, since he obtained and held his employment by fraudulent concealment and misrepresentations on which defendant relied in hiring him and without which defendant would not have employed him, and therefore plaintiff is not entitled to bring this action under any statute granting employees the right to bring a suit to recover for injuries sustained during the course of their employment, but was when injured a trespasser to whom no duty was owed except to refrain from wilful and wanton injury."

On the defense of fraud the trial judge made the following finding of fact:

"1. Plaintiff, Frank Eresafe, was employed on July 29, 1955 by defendant New York, New Haven & Hartford Railroad Company as a brakeman. Plaintiff, in applying for his employment, misrepresented his true name, prior physical condition, prior employment, marital status, and army service. Plaintiff's misrepresentation as to his name became known to defendant Railroad Company prior to its final acceptance of him as an employee. Plaintiff's other misrepresentations were merely ancillary to the basic misrepresentation as to his identity, of which defendant had full knowledge before finally accepting him as an employee."

In a short "Discussion" following the Findings of Fact and Conclusions of Law the trial judge stated:

"Defendant Railroad Company's defense of fraud is without substance since on the facts it is clear that plaintiff's basic misrepresentation as to his true identity was known to it prior to his final acceptance as an employee, and even after knowledge of the misrepresentation came to the Railroad Company plaintiff was still retained in employment. In fact, even after knowledge of all of the ancillary misrepresentations came to the attention of the Railroad Company in preparation for and at the trial, the testimony of the Railroad Company's supervisor of employment interviewers was to the effect that the Railroad would not fire him even then. The fact that all plaintiff's misrepresentations, taken together, had no causal relation to his injuries further supports this conclusion."

In plaintiff's application, dated July 26, 1955, for employment by the defendant, plaintiff declared he had never been injured. He was physically examined by defendant's doctor, who passed him. The doctor did not testify at the trial. The records of the Veterans Administration show that in 1946 he strained his abdomen; in February 1948 he was struck on the left side of his head by a baseball bat; that he fell from his bunk in an Army transport in 1949; that X-rays showed a fracture of the skull and he was diagnosed as having a chronic, post-traumatic encephalopathy or epilepsy, arising from the fractured skull. He received a disability discharge from the Army April 15, 1949.

Mr. Rappa of defendant's Personnel Department testified that had the truth been known, plaintiff's application would not have been approved, but that plaintiff had not up to the trial been discharged and as a matter of judgment was a fit employee, owing to his good service record with the defendant with no disciplinary action in it.

Plaintiff testified that he had had no infirmity or illness for six years before his employment by defendant. He also testified that he did not know he had either of the above ailments. He was 28 years old at the time of the trial, October, 1956. The evidence shows, and the judge so held that all of "plaintiff's misrepresentations, taken together, had no causal relation to his injuries."

■ The important question in this case is whether plaintiff's misrepresentations bar any recovery. There is no provision in the Federal Employers Liability Act, to which the Safety Appliance Act is related, to the effect that an employee shall, solely by reason of misrepresentations in his application for employment, lose his right to any recovery for injuries resulting from defendant's negligence or violation of the Act. The Act should be liberally construed in favor of the employee. It was remedial legislation.

■ Defendant argues that plaintiff's fraud was a cause of his injury, even though the concealed facts themselves did not help to produce his injury, since he would not have been hired if the truth had been known, and if not hired he would not have been performing his duties as a brakeman for defendant and would not have been injured. That he was there was a circumstance or condition, not a cause. He was performing his duties properly. The sole cause of his injury was the defective grab iron. There was no causal relationship between the misrepresentations and the injuries sustained.

The defendant relies on the case of Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Rock, 1929, 279 U.S. 410, 49 S.Ct. 363, 365, 73 L.Ed. 766. The facts of that case can be distinguished from those of the case at bar. Rock obtained his employment, not only by changing his name but by getting another man to take the physical examination in his place, after he himself, when applying under his true name, had been physically examined and rejected. In the case at bar plaintiff did use a name other than his own and further he misrepresented that he had never been injured, but he was physically examined by defendant's doctor and found fit before he was hired. Defendant did not produce the examining doctor at the trial. There was no proof that if the doctor had known of plaintiff's prior injuries he would not have passed him.

In the Rock case the plaintiff was seeking to hold the railroad "liable for negligence of his fellow servants and notwithstanding his own negligence may have contributed to cause his injuries." That is not the situation in the case at bar. Here the plaintiff was injured because of a defective grab iron. The use by a railroad of a car not provided with secure grab irons is specifically declared "unlawful" by Section 4 of the Safety Appliance Act. In the case at bar there was no showing of any basis for a defense of contributory negligence.

In a later case Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Borum, 1932, 286 U.S. 447, 52 S.Ct. 612, 613, 76 L.Ed. 1218, in which the plaintiff had falsely stated his age as 38 when in fact he was 49, and the railroad had a rule that no person over 45 years should be taken into the service, the plaintiff was allowed a recovery for injuries received seven years later, while working as a switchman. The court stated "His work was satisfactory. Neither his age nor his physical condition contributed to cause his injury." The court distinguished the Borum case from the Rock case and held that the facts of the Borum case were not sufficient to bring it within the rule in the Rock case, "or the reasons upon which that decision rests."

■ A humane and realistic policy in such cases requires substantial proof of

a direct causal connection between the misrepresentations made at the time of hiring and the subsequent injury to the employee, before any defense of fraud can be considered as a bar to a recovery. Phillips v. Southern Pac. Co., 1936, 14 Cal.App.2d 454, 58 P.2d 688, 689–690; and Blanton v. Northern Pac. Ry. Co., 1943, 215 Minn. 442, 10 N.W.2d 382, 384–385.

The judgment is affirmed.