Wayne CROSS, Appellant,

v.

HOUSTON BELT & TERMINAL RAILWAY COMPANY, Appellee.

No. 13688.

Court of Civil Appeals of Texas.

Houston.

Oct. 19, 1961.

Rehearing Denied Nov. 9, 1961.

Brown, Bates, Brock & Morgan, Warner F. Brock, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Charles M. Haden, James S. Covington, Jr., Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Wayne Cross, to recover for personal injuries allegedly sustained by him while engaged in work for appellee, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and Safety Appliance Act, 45 U.S.C.A. § 1 et seq. Appellant appeals from a take-nothing judgment based on the jury verdict, and assigns numerous errors occurring during the trial which was unduly lengthened by much unwarranted repetitious examination and testimony of witnesses.

By his first Point appellant complains of the following argument made by counsel for appellee:

"'* * * that this is a case where a man who had a pre-existing condition, and for whatever reason he laid down or was out in that yard, he was afforded the best medical treatment Harris County could offer, and he refused it, and he placed himself in the hands of these attorneys who had every reason in the world from their financial interest in this case to do everything that they can to hoodwink this Jury from the time that they went shopping for doctors and they have been trying to put in twisted evidence they do everything they can to try and—'

"Whereupon Counsel for Plaintiff said:

"'Your Honor we object to that line or argument, we think it is out of order.'

"Whereupon the Court said:

"'Counsel I think you can draw emphasis from the testimony.'

"Whereupon Counsel for Plaintiff said:

"'Your Honor I think it is improper and I object to it.'

"Whereupon Counsel for the Defendant said:

"'Well, I think their conduct describes it better than anything and has shown it, that when this man went to hire them, when he could have gotten the treatment that he needed, and when he hired these attorneys it was just a question of manufacturing testimony, and they went out and hire any witnesses they can get to say things that you have heard from this witness stand here. I don't know of any other way that we could have met it, because it is not pleasant to stand up here and have to criticize people like this, but when

they can sue you for hundreds of thousands of dollars on manufactured evidence like this, when all they have to do is pay a $25 filing fee to bring a case like this into Court—'"

We have read the entire statement of facts, consisting of more than 1,200 pages, and find nothing therein to justify the foregoing argument. There is no evidence showing that appellant's counsel had any financial interest in the suit, or that they went shopping for doctors, or that they were putting in twisted evidence, or that there was any manufacturing of testimony, or that said attorneys went out and hired any witnesses they could get to testify as they did on the witness stand. The argument was improper, inflammatory and prejudicial in the extreme. It clearly imputed perjury to all of appellant's witnesses and subrogation of perjury to appellant's counsel. It was an appeal to prejudice and passion and reasonably calculated to cause the jury to render an improper verdict. It was not invited by or in response to statements or argument of appellant's counsel.

We think such argument was of the incurable type. Possibly the Court might have taken some of the sting out of it by sustaining appellant's timely objection and instructing the jury not to consider it, but instead, the Court stated: "Counsel, I think you can draw emphasis from the testimony." Thus did the Court lend its approval to the poignant poison of prejudice injected into the case, and improperly comment upon the evidence and the credibility of appellant's witnesses and counsel. Such comment was not waived by counsel for appellant as were certain other comments made by the Court prior to argument. Lumbermen's Lloyds v. Loper, 1954, 153 Tex. 404, 269 S.W.2d 367.

The more serious question confronting us is whether such improper and prejudicial argument of counsel, coupled with the Trial Court's comment, probably caused the rendition of an improper verdict and judgment in the case.

The evidence shows that although appellant had a prior back condition which at times troubled him, he was not incapacitated thereby. He went to work for appellee on August 9, 1954 as a switchman after being given a thorough physical examination by appellee's doctor. He was able to perform his duties satisfactorily although he lost six to eight days from work at one time as the result of his back bothering him. He was not incapacitated by any prior sickness or physical condition from performing his work as a switchman, until after the accident of November 22, 1957. We think appellant's testimony with respect to the accident in question was corroborated by other testimony and we are inclined to the view that the jury's finding of no injury, which under the definition of the court would include no aggravation of any prior condition, probably resulted from the improper argument of appellee's counsel and the Court's comment.

It would unduly lengthen this opinion and serve no useful purpose to summarize the testimony of the twelve doctors and more than a dozen lay witnesses who were called to testify. We have carefully and painstakingly considered all of the testimony and evidence, and have concluded that in the light of the whole record, such argument was not only reasonably calculated to cause but probably did cause the rendition of an improper judgment in the case. Indeed, the charge by appellee's counsel to the effect that appellant's entire case was based upon perjury and manufactured testimony, to which his counsel was a party, could scarcely have done other than result in harm as evidenced by the jury finding that appellant sustained no injury. Southern Pacific Company v. Hubbard, 1956, 156 Tex. 525, 297 S.W.2d 120; Southwestern Greyhound Lines v. Dickson, 1951, 149 Tex. 599, 236 S.W.2d 115; Texas & N. O. R. Co. v. Wilkerson, Tex.Civ.App.1953, 260 S.W.2d 912; Airline Motor Coaches v. Campbell, Tex.Civ.App., 184 S.W.2d 532, writ ref., w. o. m.; Stephens v. Smith, Tex. Civ.App., 208 S.W.2d 689, writ ref., n. r. e.;

Texas Employers' Insurance Association v. Butler, Tex.Civ.App., 287 S.W.2d 198, writ ref., n. r. e.; Gulf, Colorado & S. F. Ry. Co. v. Latham, Tex.Civ.App., 288 S. W.2d 289, writ ref., n. r. e.; Rule 434, Texas Rules of Civil Procedure.

We shall briefly discuss assignments of error directed to matters that may arise upon a new trial of this case.

Appellant strenuously contends that the Court erred in permitting Dr. Dickson to read in evidence a medical report from the Houston Speech & Hearing Center on the ground that it was hearsay. Although Dr. Dickson suggested to Dr. Bradford that appellant be referred to said clinic for some tests, he was not present when the tests were made nor did he supervise or conduct the examination. He was not in a position to prove up the report. The report was not proven as a hospital record, under Article 3737e, Vernon's Ann.Texas St. Had it been, we think it would have been admissible under the holding in Travis Life Insurance Company v. Rodriguez, Tex.Civ.App., 326 S.W.2d 256, writ ref., n. r. e., per curiam, 1959, 160 Tex. 182, 328 S.W.2d 434, in which case the court held admissible hospital records including a diagnosis of leukemia.

While it is true a physician may relate as the basis for his opinion and not as independent evidence to establish the fact, the history given him by the patient, we know of no authority holding it permissible for a doctor to read in evidence another doctor's unproven diagnosis or report, regardless of whether he has based his opinion in whole or part thereupon. The report in question was not used for the purpose of impeaching Dr. Dickson, but for the purpose of showing the truth of the statements therein contained. It was hearsay and prejudicial to appellant and should not have been admitted in evidence without having been properly proven. Lentz Feed & Seed Company v. Mueller, Tex.Civ.App.1960, 336 S.W.2d 447; Texas Power & Light Company v. Burger, Tex.Civ.App., 166 S.W. 680, writ ref.; Southwestern Greyhound Lines v. Dickson,

Tex.Civ.App.1949, 219 S.W.2d 592; Mc-Cormick and Ray, Texas Law of Evidence, Secs. 781 and 790.

■ We think it was also reversible error for the Court to permit counsel for appellee to read from medical textbooks in cross-examining Dr. Brown. Appellee, over several objections, persisted in reading excerpts from texts not recognized by Dr. Brown as authoritative, evidently realizing the importance of getting statements made in such textbooks before the jury in connection with the crucial issue of whether appellant sustained an injury on the occasion in question or was merely suffering from epilepsy or other prior disease or physical condition. At one time appellee's attorney read from a medical book a long statement, covering more than a page in the statement of facts, and then over the objection of appellant, proceeded to examine Dr. Brown with respect thereto. The Court erred in permitting such examination. Texas Employers' Insurance Ass'n v. Nixon, Tex.Civ.App., 328 S.W.2d 809, writ ref., n. r. e., 1959, and authorities cited.

■ Any error with reference to admitting in evidence appellee's Exhibit No. 17, consisting of a part of the history given by appellant to Dr. Brown, and permitting appellee to use the same in cross-examining Mrs. Cross and as a basis for hypothetical questions in examining Drs. Skogland and Henry, was rendered harmless by subsequent admissions by appellant while testifying concerning the facts and history contained in such exhibit. Moreover, by not objecting to the use of Exhibit No. 17 as a basis for hypothetical questions addressed to said doctors, appellant waived the alleged error.

■ We do not think the Court erred in refusing to grant a new trial because of the testimony of appellee's witness Moody to the effect that in April, 1957, appellant "appeared to be pretty sick, he had some kind of spell like epilepsy of some kind." The Court promptly sustained appellant's objec-tion, struck the testimony, and instructed the jury not to consider it for any purpose. The witness was merely giving a shorthand description of what he saw. Subsequently he testified without objection being made, that appellant "had a sick spell of some sort, it was not a violent attack, but he was sick." He also testified that there was some saliva around appellant's mouth and his eyes were "starry and very red." We cannot say that Moody's testimony probably resulted in harm in view of the Court's instruction.

Appellee's cross-examination of witness Bolio and witness Thompson was severe and possibly passed the point of propriety, but we cannot say that harm probably resulted therefrom to appellant. Rule 434, Texas Rules of Civil Procedure.

■ Appellant asserts it was error for the Court to add the words "if any" after the word "occurrence" each time such word was used in the special issues submitted to the jury, because the repetitious use of such words constituted a comment by the Court on the weight of the evidence and was calculated to confuse and mislead the jury. We do not approve the exact wording of the issues in question since it is undisputed that there was an occurrence of some kind at the time and place in question notwithstanding appellee's contention that appellant sustained no injury and that there was no accident. If the repeated use of the words "if any" after the word "occurrence" was improper, we cannot say that any harm resulted to appellant since the jury in effect found in answering the special issues that there was an "occurrence."

■ Appellant contends that the Court erred in overruling his motion in limine requesting the Court to strike Paragraph 2. of appellee's first amended original answer and to exclude testimony thereon, and to instruct appellee's counsel not to read it and to refrain from questioning the jury panel on voir dire concerning such defense. The objectionable paragraph sets out the defense that appellant never became an employee

of appellee as a matter of law because of false representations made by appellant in his application for employment to the effect he had had no prior claims, prior injuries or prior service-connected disability. In its trial amendment filed some ten days after the trial commenced, appellee set out more fully said allegations and other similar allegations.

No issues were submitted to the jury in connection with such defense. Appellant contends, however, that he was greatly prejudiced as a result of said pleadings being read and witnesses being interrogated concerning alleged misrepresentations in his application for employment. It is appellant's contention that this case is distinguishable from the case of Minneapolis, St. Paul & S. S. M. Ry. Co. v. Rock, 279 U.S. 410, 49 S.Ct. 363, 73 L.Ed. 766 (1929), in that appellant was not an impostor and did not fraudulently obtain his employment with appellee.

We expressly refrain from deciding whether the evidence adduced at the trial would warrant a submission of issues under the rule enunciated in the Rock case, sometimes called the "Rock doctrine," or whether a finding on such issues adverse to appellant would be against the overwhelming weight and preponderance of the evidence. We are called upon merely to decide whether the Court erred in overruling appellant's said motion in limine. In our opinion, the Court did not err in doing so, since in the absence of special exceptions the pleading was sufficient to raise issues of fraudulent representations on the part of appellant which might have substantially affected his fitness to perform his duties and the examining surgeon's conclusion that he was in acceptable physical condition. Minneapolis, St. Paul & S. S. M. Ry. Co. v. Borum, 286 U.S. 447, 52 S.Ct. 612, 76 L.Ed. 1218 (1932); Talarowski v. Pennsylvania Railroad Company, 135 F.Supp. 503, (D.C.Del.1955); 3 McDonald, Texas Civil Practice, Sec. 10.14, p. 876; Casso v. Pennsylvania Railroad Company, 219 F.2d 303 (C.C.A.3d 1955).

In view of the possibility that other evidence may be adduced upon another trial and the jury findings may be different, we find it unnecessary to pass upon appellant's contention that there is no evidence to support the jury's answers to Special Issues Nos. 1, 36 and 39, or upon appellant's contention that the answers to such issues are against the great weight and preponderance of the evidence.

Reversed and remanded.