Loyd D. CAIN, Appellant,

v.

ZURICH INSURANCE COMPANY, Appellee.

No. 17069.

Court of Civil Appeals of Texas.

Dallas.

March 1, 1968.

Rehearing Denied March 29, 1968.

John Wright, Wright & Barber, Grand Prairie, for appellant.

Robert G. Vial, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is a workmen's compensation case in which Loyd D. Cain sought recovery for total and permanent disability benefits against Zurich Insurance Company, the insurance carrier for his employer, Poco Graphite, Inc. The case was submitted to a jury on special issues and in response thereto it was found that Cain had sustained temporary total disability for a period of sixteen weeks and three days. Based upon this verdict the trial court rendered judgment in favor of Cain for such period of disability, less the compensation previously paid, and he, being dissatisfied, brings this appeal.

In his brief appellant presents sixteen points of error but in oral argument before this court states that his principal contentions are contained in his points 6 and 12 through 16, inclusive.

By his sixth point of error appellant says:

"Error occurred by act between Zurich Insurance Company and State Farm Mutual Insurance Company where Zurich gained information from State Farm Mu-

tual Insurance Company in the form of statement given to State Farm Mutual Insurance Company."

In his statement under this point appellant asserts that during the trial of this cause, without prior notice to him, defense counsel produced a written statement which he had given to State Farm Mutual Insurance Company some five years prior to this trial, involving another claim for personal injuries made against that insurance company, and used such statement for impeachment purposes during cross-examination of appellant. He says that at no time prior to the trial was he advised that State Farm had given Zurich the statement nor was he given advance notice that such statement had been obtained and was to be used against him in this trial.

He argues that (1) the act on the part of the two insurance companies abridged his rights under the equal protection clause of the Constitution of the United States, and (2) the act on the part of the two insurance companies constituted a conspiracy for the purpose of impeding the due course of justice and therefore his rights under the Civil Rights Act of 1871 (42 U.S.C.A. § 1985) were violated.

Appellant's point is without merit and must be overruled for several reasons:

■ (a) The point of error was not incorporated in the amended motion for new trial and therefore cannot be considered by this court for the first time on appeal. In accordance with Rule 324, Texas Rules of Civil Procedure, appellant properly filed his motion and amended motion for new trial in which he set forth twenty-eight assignments of error. None of these assignments complain of the matters now before us in appellant's Point No. 6. Rule 374, T.R.C.P., specifically provides that:

"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for

new trial, in cases where a motion for new trial is required shall be considered as waived."

It is settled law that in a case tried before a jury and judgment rendered upon the jury verdict the filing of the motion for new trial and its denial, either expressly or by application of law, are prerequisite to an appeal. Errors which are not brought to the attention of the court upon presentation of a timely and properly filed motion are waived and are not preserved for appellate review. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524 (1958); Dallas Ry. & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952); Kent v. Smith, 410 S.W.2d 833 (Tex.Civ.App., Tyler 1967); Bishop v. Carter, 408 S.W.2d 520 (Tex.Civ.App., Waco 1966); Hortenstine v. McKlemurry, 402 S.W.2d 946 (Tex.Civ. App., Waco 1966); Ballard v. Aetna Casualty & Surety Co., 391 S.W.2d 510 (Tex. Civ.App., Corpus Christi 1965).

■ (b) The error complained of is not fundamental. Fundamental error occurs when the error involves matter of public interest and the record affirmatively and conclusively shows error or that the court rendering the judgment was without jurisdiction of the subject matter. It has been held that error is not fundamental when it is necessary to examine the statement of facts to discover such alleged error. None of the essential elements of fundamental error appear in this record. Schafer v. Stevens, 352 S.W.2d 471 (Tex.Civ.App., Dallas 1961); McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957); Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947); City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77 (1954).

■ (c) Appellant did not object to the use of the statement in question during the trial of the case. It is elementary that failure to make a timely objection to proffered evidence will prevent a party from complaining on appeal of its admission by the

trial court. Cross v. Houston Belt & Terminal Ry. Co., 351 S.W.2d 84, 96 A.L.R.2d 1 (Tex.Civ.App., Houston 1961, writ ref'd n. r. e.).

(d) An examination of the record reveals no evidence which would justify the charge of "conspiracy" or "impeded the due course of justice" as between the two insurance companies.

Appellant's sixth point is overruled.

In his restatement of his Points of Error Nos. 12 through 16, appellant says:

"Reversible error exists where counsel continually ignores ruling of the court and by inflammatory use of cross-examination injects error into the record."

In his statement under this combined group of points appellant lists thirty-nine instances by referring to the page number in the statement of facts, together with the line numbers on each page, and contends that the remarks of appellee's counsel, as well as the court's remarks, revealed by the thirty-nine instances constitute prejudicial error, both singly and combined, which thereby deprived appellant of a fair and impartial trial.

We find no merit in any of these points and they must be overruled for the following reasons:

■ (a) Appellant's points were not properly preserved in his motion for new trial and may not be brought forth on appeal for the first time. The only ground which might possibly refer to these points is contained in paragraph 12 of the amended motion for new trial, as follows:

"That the Attorney for the Defendant, by constant and repetitious disregard for the instruction of the Court, so inflamed the Jury against the Plaintiff that he, the Plaintiff, could not and did not receive a fair trial."

This assignment of error is too general to direct the trial court's attention to the particular error complained about. Rule 322,

T.R.C.P., specifically prohibits the court to consider grounds of objections couched in general terms. Cubine v. Morgan, 288 S. W.2d 537 (Tex.Civ.App., Amarillo 1956), and Finto v. Texas & N. O. R. Co., 265 S. W.2d 606 (Tex.Civ.App., San Antonio 1954). Rule 374, T.R.C.P., expressly states that a ground of error not distinctly set forth in the motion for new trial is waived. The specific matters complained of in appellant's Points Nos. 13, 14 and 15 are not contained in the amended motion for new trial and are therefore waived. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).

■ (b) Appellant did not move for a mistrial on account of the alleged conduct of counsel and has therefore waived his right to complain thereof. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558 (1949); Safety Casualty Co. v. Bennett, 259 S.W.2d 596 (Tex.Civ.App., Dallas 1953). Appellant in this instance, by failing to move for a mistrial, undertook to speculate on the jury verdict and by doing so he is in no position now to complain of such alleged misconduct. Colls v. Price's Creameries, Inc., 244 S.W. 2d 900 (Tex.Civ.App., El Paso 1951, writ ref'd n. r. e.); Western Cottonoil Co. v. Patterson, 271 S.W.2d 106 (Tex.Civ.App., Eastland 1954, writ ref'd n. r. e.).

(c) We have carefully reviewed each of the thirty-nine matters contained in the statement of facts. It would serve no useful purpose to unduly lengthen this opinion with a recitation of the various questions asked and the rulings of the court on each occasion. In many instances questions were asked by appellee's counsel and appellant's objection thereto was sustained by the court. On several occasions the court affirmatively instructed the jury not to consider the question propounded. In three instances no objection at all was made by appellant to the question propounded. In two instances there was no question asked nor objection made but rather, a discussion or colloquy between counsel and the court concerning hospital records. On one occasion the question was voluntarily withdrawn by appellee.

While we do not mean to expressly approve each of the questions propounded by appellee's counsel, and which were objected to, yet our examination of the matters convinces us that taken singly or collectively reversible error is not demonstrated. Rule 434, T.R.C.P.

Appellant relies upon the case of Burdick v. York Oil Co., 364 S.W.2d 766 (Tex.Civ. App., San Antonio 1963), in which the appellate court reversed a plaintiff judgment in a personal injury case because of a continued series of improper questions, and other statements by plaintiff's counsel to the court and jury. The court in that case concluded that the acts and conduct of plaintiff's counsel were accomplished, not by indirection or an inadvertent mistake, but as a result of a calculated theory of trial. We agree with the opinion of the court but find no parallel in the instant case. From the reading of this record we cannot say that appellee's counsel was guilty of injecting a deliberate plan or scheme to inject bias or prejudice against appellant before the jury.

Appellant's Points 12 through 16, inclusive, are overruled.

In his Points of Error Nos. 5 and 8 appellant, in general terms, charges that the verdict of the jury and the judgment of the trial court are against the weight of the evidence. While these points are too general for our consideration yet, in the spirit of liberal construction of the rules, we have examined the statement of facts in the light of the applicable rule concerning sufficiency of the evidence and find no merit in either point. The evidence is voluminous on the question of disability alleged to have been suffered by appellant as a result of his injury. There is both lay and medical testimony, much of it conflicting. We conclude from our review of the record that there is sufficient evidence to support the verdict of the jury on each of the issues submitted.

As to appellant's Points of Error Nos. 1, 2, 3, 4, 7, 9, 10 and 11 we find no reference to them in any assignment of error contained in the amended motion for new trial and find that none reflects fundamental error. Accordingly, in the light of the authorities above cited, these points are waived.

Even so, we have examined the various points and find none of them to reflect reversible error.

The judgment of the trial court is affirmed.